IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CONCORD TELEPHONE EXCHANGE, INC., )
et al. )
) NO. 3-11-0796
v. ) JUDGE CAMPBELL
)
HALO WIRELESS, INC., et al. )

MEMORANDUM

Pending before the Court are Defendant Halo Wireless, Inc.'s Motion to Transfer (Docket No. 6) and Plaintiffs' Motion for Remand (Docket No. 9). For the reasons stated herein, Defendant's Motion to Transfer is DENIED, and Plaintiffs' Motion to Remand is GRANTED.

FACTS

This action was originally filed by Plaintiffs, a group of Tennessee Rural Telephone Companies, before the Tennessee Regulatory Authority ("TRA"), asking the TRA to open an investigation into the actions of Defendants in the State of Tennessee, commence a contested case about those actions, issue a Cease and Desist Order prohibiting Defendant Halo Wireless from providing telecommunications services in Tennessee until the TRA may hold a hearing on this matter, declare that the "toll traffic" sent by Defendant Halo Wireless to the Plaintiffs in Tennessee is subject to intrastate access charges, and order Defendants to pay all outstanding intrastate access charges. Docket No. 1-1.[1] Plaintiffs argue that Defendants mislabel calls to avoid paying access charges. Docket No. 10.

---

[1] Unlike the companion *Bellsouth* action against Halo Wireless in this Court, this TRA Complaint does not seek interpretation or enforcement of an interconnection agreement ("ICA"). *Bellsouth Telecommunications, Inc. v. Halo Wireless, Inc.*, Case No. 3-11-cv-795.

Defendants filed Motions to Dismiss the TRA Complaint, arguing that the TRA has no jurisdiction in this matter. Docket Nos. 1-5 and 1-6. Then Defendant Halo Wireless filed a Suggestion of Bankruptcy, indicating that it had filed a voluntary petition for relief under the federal Bankruptcy Code in the U.S. Bankruptcy Court for the Eastern District of Texas ("the Bankruptcy Court") and asserting that the automatic stay (11 U.S.C. § 362) prohibited any further action against Defendant Halo Wireless in the instant proceeding. Docket No. 1-7.

Thereafter, Defendant removed the TRA action here, alleging that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 1452. Docket No. 1. Defendant Halo Wireless then moved to transfer this action to the Bankruptcy Court. Docket No. 6. Plaintiffs oppose Defendant's Motion to Transfer and ask the Court to remand this action to the TRA. Docket No. 9.

Recently the Bankruptcy Court held that the various state commission proceedings involving the Debtor (Defendant Halo Wireless) are excepted from the Bankruptcy Code's automatic stay, pursuant to 11 U.S.C. § 362(b)(4),[2] so that the commissions can determine whether they have jurisdiction and, if so, whether there is a violation of state law. Docket No. 20-2. The Bankruptcy Court held that the automatic stay does apply to prevent parties from bringing or continuing actions for money judgments or efforts to liquidate the amount of the complainants' claims. *Id.*[3]

Defendant Halo Wireless has appealed this ruling of the Bankruptcy Court and has moved to stay the actions pending appeal. Docket No. 21. Defendant has represented that it intends to request certification of this issue to the Fifth Circuit Court of Appeals. *Id.*

---

[2] 11 U.S.C. § 362(b)(4) provides that a bankruptcy petition does not stay the commencement or continuation of an action or proceeding by a governmental unit.

[3] The Bankruptcy Court did not rule that this action in this Court may proceed, yet neither party is arguing that the automatic stay should apply herein.

## MOTION TO REMAND

This action is not an appeal from a state commission decision; rather, this action was removed prior to a determination by the TRA. The Court will address the Motion to Remand first, since granting the Motion to Remand would make the Motion to Transfer moot.

Federal law provides that a party may remove any claim or cause of action in a civil action by a governmental unit to enforce such governmental unit's police or regulatory power to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under the Bankruptcy Code. 28 U.S.C. § 1452(a).[4] The Bankruptcy Code provides that the district courts have original but not exclusive jurisdiction of all civil proceedings arising in or related to bankruptcy cases. 28 U.S.C. § 1334(b).

Plaintiffs argue that the regulatory proceeding against Defendants in the TRA is not removable to federal court because it is a regulatory investigation, not a lawsuit. Docket No. 10. Defendants, on the other hand, contend that this action was properly removed under Section 1452(a) because the TRA proceeding is a "civil action"[5] and the TRA does not have jurisdiction because the claims implicate federal questions. Docket No. 19. Defendants also assert that the claims for relief fall within the Federal Communications Commission ("FCC") exclusive original jurisdiction. Docket No. 1.[6]

---

[4] Section 1452 also provides that the Court to which such claim or causes of action is removed may remand such claim or cause of action on any equitable ground. 28 U.S.C. § 1452 (b).

[5] In the case of *In re T.S.P. Co., Inc.*, 2011 WL 1431473 (Bankr. E.D. Ky. April 14, 2011), the court held that the debtor could not remove the action under 28 U.S.C. § 1452, finding that administrative proceedings are not "civil actions" and are therefore not removable. *Id*.

[6] Despite this assertion, Defendant asks the Court to transfer the action to the U.S. Bankruptcy Court for the Eastern District of Texas, not to the FCC.

Federal district courts have jurisdiction to review certain types of decisions by state commissions, and the Telecommunications Act of 1996 ("the Act") provides for judicial review of certain types of determinations by state commissions. *Southwestern Bell Telephone Co. v. Public Utility Comm'n of Texas*, 208 F.3d 475, 480 (5th Cir. 2000); 47 U.S.C. § 252(e)(6). Here, however, as noted above, there is no state commission determination to review.

This action concerns tariffs which are enacted and approved by the TRA and required under Tennessee law. Tenn. Code Ann. § 65-5-101. Plaintiffs contend that Defendants are violating state law, specifically Tenn. Code Ann. §§ 65-4-201 and 65-35-102. Docket No. 1-1. Plaintiffs state that it is *intrastate* charges which are at dispute herein. Docket No. 10. Under Tennessee law, the TRA "shall have the original jurisdiction to investigate, hear and enter appropriate orders to resolve all contested issues of fact or law arising as a result of the application of [the Act]." Tenn. Code Ann. § 65-5-110(a).

For these reasons, the Court finds that this matter should be remanded to the TRA. Therefore, Plaintiffs' Motion for Remand is GRANTED, and this case is remanded to the TRA. The Bankruptcy Court has held that the TRA action may proceed except to the extent the parties attempt to obtain and/or enforce a money judgment. There is no indication in the record that the Bankruptcy Court wants this case (or others like it) to be transferred to it. The parties' other arguments and Defendants' Motion to Transfer are moot.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE